Motion denied as a matter of law and not in the exercise of discretion.

In the Matter of BENJAMIN L. GREENBERG (Also Known as BENJAMIN LIPPMAN GREENBERG), an Attorney, Respondent.

ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK, Petitioner.

First Department, March 24, 1944.

*S. C. Lewis* of counsel (*Einar Chrystie*, attorney), for petitioner.

*John R. Davies* for respondent.

*Per Curiam.* This is a disciplinary proceeding instituted by the Association of the Bar of the City of New York against the respondent, Benjamin L. Greenberg (also known as Benjamin Lippman Greenberg), charging him with professional misconduct.

The respondent was chairman of a local board under the Selective Service Act. He was approached by one M. W. Greenfield and his son for advice as to how to proceed to procure a release from his local board so that the son could take enlisted reserve corps training.

After a complete hearing, the referee found as follows: "In my opinion the respondent has been guilty of professional misconduct in that, while acting as chairman of a local draft board he made an agreement with the father of a registrant of another local board for a fee of Five hundred dollars to become active in behalf of such registrant in securing for him classification in the Selective Service, which the respondent advised the father the registrant was entitled to receive. That in addition to agreeing to give legal advice with respect to that subject, and to induce the father to pay said fee, the respondent agreed that he would also become active in other ways and would also, if the registrant's Local Board refused to classify the registrant as the respondent advised the father he should be, take an appeal from the decision of that Local Board and represent the registrant therein — a service which was not permitted by the rules and regulations of the Selective Service Act and the bulletins issued by the Director. That he exaggerated the extent of the service required or that he could render, and the fee of $500 received by him was out of all proportion to the legal advice required or given. He also neglected to inform the registrant or his father that there was an Advisory Board and a Government Appeal Agency connected with the registrant's Local Board to whom they could apply for relief."

The finding of the referee was fully supported by the evidence. The agreement for respondent's retainer was made with the registrant's father in a room from which everyone had been excluded so that there would be no witness. It was expressly stipulated that the fee should be paid in cash. The retainer was accompanied by statements to the effect that "He was — a Chairman of the Local Board — he knew all the procedures and all the loopholes, and if there was anything anybody could do he could do it for me. * * * He told me that he would appeal my case." The services to be rendered were grossly exaggerated. He said that "he would appeal my case, and he would work very hard on it and put in a lot of hours, and go to Albany if necessary, and he told me that he felt that I would be, he would be able to get me into the Enlisted Reserve Corps." After the retainer was received, respondent rendered no substantial service and what he had undertaken to do was impossible under the regulations in view of the registrant's existing status. The registrant finally obtained enlistment in the Signal Corps entirely as a result of his own efforts, respondent's only participation being information as to the form to use in making his application.

Based on the transactions involved herein, respondent was called before Col. McDermott, Director of Selective Service in New York City. He then offered the explanation that he had sent a bill to registrant's father for only $300 but the latter was so grateful that he would undertake to represent his son that he insisted on paying him $500. The inherent unlikelihood of such explanation is obvious. Many other circumstances might be referred to confirming the conclusion of the referee.

Col. McDermott refused to accept the respondent's resignation but suspended him pending the result of this proceeding.

Respondent's conduct in taking advantage of his position as chairman of a local draft board to extort money from a registrant before another board will not be condoned by this court. Because of such misconduct, it is the judgment of this court that he be suspended from practice for a period of two years with leave to apply for reinstatement at the expiration of that term upon proof of his compliance with the conditions incorporated in the order.

TOWNLEY, GLENNON, UNTERMYER, COHN and CALLAHAN, JJ., concur.

Respondent suspended for two years. [See *post*, p. 974.]